IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVE WILLIAMS,** | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **JEFFERY MARTIN, et al.,** | : | NO. 11-3122 |
| Respondents. | : | |

## O R D E R

**AND NOW**, this 1st day of March, 2012, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the thorough and well-reasoned Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski, and of the petitioner's Objection to the Report and Recommendation,[1] IT IS HEREBY ORDERED that:

1. The petitioner's objections (Doc. Nos. 21 & 22) are **OVERRULED**;[2]

2. The Report and Recommendation (Doc. No. 19) is **APPROVED** and **ADOPTED**;

---

[1] Petitioner mailed one set of Objections addressed to the Clerk of Court with instructions to file, and mailed a second set informing that the first set had a number of typographical errors and the second set was to supplement and correct the initial filing. I have considered both sets of Objections.

[2] The petitioner makes a number of objections to the report and recommendation. Each of the arguments fail. Petitioner objects to the denial of his request for a stay and abeyance. However, Magistrate Judge Sitarski recommended excusing the petitioner's need for exhaustion, which would, in turn excuse the need for a stay, because petitioner's claims are all procedurally defaulted. The petitioner argues that the procedurally defaulted claims should be excused under the exception that failure to consider his claims would result in a miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 748 (1991). However, petitioner did not provide any new evidence or make a claim of actual innocence.

Finally, petitioner objects to Judge Sitarski's conclusion that the petitioner should not be granted habeas relief based on Claim Four, in which the petitioner claimed that his counsel was ineffective for failing to raise the argument that the evidence at trial was insufficient to sustain the verdict against him. I find that Judge Sitarski's decision was correct – "[t]he evidence presented was sufficient to support a finding of a specific intent to kill." Moreover, the Pennsylvania Superior Court's decision on the issue was neither contrary to nor an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 404-06 (2000).

3. The petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. No. 1) is **DENIED** with prejudice;

4. There is no basis to issue a certificate of appealability; and

5. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

/s/LAWRENCE F. STENGEL
LAWRENCE F. STENGEL, J.