# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVE WILLIAMS,<br>    Petitioner, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 11-CV-3122 |
| JEFFREY MARTIN, *et al.*,<br>    Respondents. | : <br> : | |

## MEMORANDUM

**STENGEL, C.J.**                                                                                                 June 28, 2018

       Petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure Rule 60(b) on February 13, 2018. Petitioner filed his petition for *habeas corpus* relief in this matter on May 12, 2011. Some of Petitioner's claims were procedurally defaulted and dismissed. Petitioner's remaining claims were considered on the merits and the petition was denied on March 2, 2012. The United States Court of Appeals for the Third Circuit denied Petitioner's request for a certificate of appealability on September 21, 2012.

       In the instant motion Petitioner argues that he is entitled to Rule 60(b) relief and relies upon *Satterfield v. District Attorney of Philadelphia*, 872 F.3d 152 ( 3d Cir. 2017) in support of his position. Specifically, Petitioner claims that he is actually innocent of the murder he was convicted of committing. Petitioner further claims that the only eye witness who testified at trial viewed the incident from behind the killer and that therefore it was impossible for the witness to identify him.

       In *Satterfield* the Third Circuit examined the application of the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013). In *McQuiggin,* the Supreme Court held that a convincing showing of actual innocence may overcome the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). 569

U.S. at 386. However, *McQuiggin* also held that for the untimeliness of a *habeas* petition to be excused under the fundamental miscarriage of justice exception a petitioner must "persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" and "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id*. at 386, 401.

In *Satterfield*, the Third Circuit reversed the denial of a Rule 60(b) motion filed by a petitioner who claimed that *McQuiggin* was a change in law which constituted extraordinary circumstances and justified relief under Rule 60(b). 872 F.3d at 155. The Third Circuit remanded to the district court and directed a full consideration of equitable circumstances because the panel considered that the district court had not "articulate[d] the requisite equitable analysis." *Id.* The Third Circuit directed that on remand the district court consider:

> The nature of the change in decisional law must be weighed appropriately in the analysis of pertinent equitable factors. *McQuiggin* implicates the foundational principle of avoiding the conviction of an innocent man and attempts to prevent such a mistake through the fundamental miscarriage of justice exception. If [the petitioner] can make the required credible showing of actual innocence to avail himself of the fundamental miscarriage of justice exception had *McQuiggin* been decided when his petition was dismissed, equitable analysis would weigh heavily in favor of deeming *McQuiggin's* change in law, as applied to [the petitioner]'s case, an exceptional circumstance justifying Rule 60(b) relief.

*Id.*

First, the Court notes that both *Satterfield* and *McQuiggin* are not applicable herein. Petitioner's petition for *habeas corpus* relief was not denied because it was not timely filed. Nevertheless the Court will consider Petitioner's claims that he is actually innocent and is therefore entitled to extraordinary relief. Despite his assertions to the contrary Petitioner has not presented evidence incontrovertible evidence that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Notably, Petitioner attached to his Rule 60(b)

2

motion a letter from attorney David Rudenstein, dated November 15, 2006, which states that "it was simply impossible to take the position that you were factually innocent of all charges…" Moreover, the eyewitness to whom Petitioner referred, Reginald Lloyd, also testified that:

> As I was walking up the block, I see [Petitioner], like, jump out the school yard in front of [the victim]. [The victim] was walking down towards me, and he jumped out in front of him. And then he – [the victim] said something like, "You got a beef with me?" And then he just started shooting him. *Id*. Mr. Lloyd further testified that after the victim fell to the ground, Petitioner stood over him and continued shooting.

Report and Recommendation, pp 20-21. (ECF No. 19.) Mr. Lloyd testified that he both saw and heard Petitioner kill the victim. The notes of testimony support the jury's guilty verdict and belie Petitioner's actual innocence claim. Therefore, there is no reason to disturb this Court's judgment of March 2, 2012, which denied the petition for *habeas corpus* relief.

A certificate of appealability will not issue because reasonable jurists would not debate the correctness of this Court's procedural ruling. *See, Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVE WILLIAMS, :
    Petitioner, :
 :
    v. :    CIVIL ACTION NO. 11-CV-3122
 :
JEFFREY MARTIN, *et al.*, :
    Respondents. :

## ORDER

**AND NOW**, this 28th day of June 2018, **IT IS ORDERED** that Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b), Fed.R.Civ.P. is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court **CLOSE** this matter and that there is no cause to issue a certificate of appealability.

                  **BY THE COURT:**

                  */s/ Lawrence F. Stengel*
                  **LAWRENCE F. STENGEL, C.J.**