IN THE UNITED STATES DISTRI CT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVE WILLIAMS, : | |
| : | CIVIL ACTION |
| Petitioner, : | |
| : | NO. 11-3122 |
| v. : | |
| : | |
| JEFFREY MARTIN, et al., : | |
| : | |
| Respondents. : | |

**Goldberg, J.**                                                                                                                                                            **March 18, 2019**

## MEMORANDUM

Petitioner seeks federal habeas corpus relief from his 2004 conviction and life sentence. His habeas petition was originally denied on March 2, 2012, and, thereafter, the United States Court of Appeals for the Third Circuit denied his request for a certificate of appealability. Petitioner subsequently filed a Motion for Relief from Judgment, pursuant to Federal Rule of Civil Procedure 60(b), claiming a change in the controlling law based on the Third Circuit's decision in Satterfield v. District Attorney of Philadelphia, 872 F.3d 152 (3d Cir. 2017). On June 28, 2018, that motion was denied.

Petitioner has now filed a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). Upon consideration of the pending Motion, I find no basis upon which to grant the requested relief.

## I. FACTUAL BACKGROUND

On August 19, 2004, following a jury trial in the Philadelphia County Court of Common Pleas, Petitioner was convicted of first-degree murder and possessing instruments of crime. He was sentenced to life imprisonment for murder with a concurrent term of three to sixty months'

imprisonment on the weapons offenses. Petitioner's trial counsel filed post-sentence motions, which were denied on October 14, 2004. No direct appeal was filed.

On February 6, 2005, Petitioner filed a *pro se* petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, *et seq.*, seeking to have his direct appeal rights reinstated *nunc pro tunc*. Appointed counsel filed an amended PCRA petition, which was denied on June 6, 2006. Petitioner appealed, the Pennsylvania Superior Court affirmed on May 31, 2007, and the Pennsylvania Supreme Court denied allocator on December 28, 2007.

Petitioner then filed a second PCRA petition on May 9, 2008. Following the appointment of counsel and an amendment to the petition, the PCRA Court denied relief on February 27, 2009. The Superior Court affirmed this decision and the Pennsylvania Supreme Court again denied allocator.

On May 8, 2011, Petitioner filed a *pro se* petition for writ of habeas corpus setting forth seven grounds for relief. The case was originally assigned to the Honorable Lawrence F. Stengel, who referred the matter to United States Magistrate Judge Lynn A. Sitarski for a Report and Recommendation ("R&R"). On January 23, 2012, Judge Sitarski issued an R&R deeming many of Petitioner's claims procedurally defaulted and finding that the remainder of the claims were meritless. Judge Stengel rejected Petitioner's objections to the R&R, Petitioner appealed, and the United States Court of Appeals for the Third Circuit denied a certificate of appealability.

On September 20, 2018, Petitioner filed a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(6), alleging that the recent case of <u>Satterfield v. District Attorney of Philadelphia</u>, 872 F.3d 152 (3d Cir. 2017) required reconsideration of his habeas petition. He reasoned that, under <u>Satterfield</u>, his allegations of actual innocence would have excused the procedural default that barred federal review of his ineffective assistance of counsel claims. Judge

Stengel denied the Motion on June 29, 2018, holding that (1) Satterfield did not apply and (2) Petitioner had not made the requisite showing of actual innocence.

On September 20, 2018, Petitioner filed a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e). In light of Judge Stengel's retirement from the bench, the case was reassigned to my docket.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) is "a device . . . used to allege legal error," United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003), and may only be used to "correct manifest errors of law or fact or to present newly discovered evidence." Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quotations omitted). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. Wright v. Pierce, No. 12-175, 2015 WL 3653124, at *1 (D. Del. June 10, 2015).

## III. DISCUSSION

Petitioner sets forth two alleged errors in Judge Stengel's decision. First, he asserts that Judge Stengel failed to recognize Satterfield's application to his habeas claims. Second, he contends that Judge Stengel erred in his actual innocence analysis. Neither argument warrants Rule 59(e) relief.

3

## A. Whether Judge Stengel Correctly Determined that *Satterfield* Was Inapplicable to Petitioner's Claims

In Satterfield v. District Attorney of Philadelphia, *supra*, the Third Circuit undertook application of the recent Supreme Court decision in McQuiggen v. Perkins, 569 U.S. 383 (2013). It noted that "McQuiggin focused on the 'fundamental miscarriage of justice' exception, a doctrine that had previously been applied to allow a habeas petitioner 'to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief' where the petitioner 'makes a credible showing of actual innocence.'" Satterfield, 872 F. 3d at 159 (quoting McQuiggen, 569 U.S. at 392). The Supreme Court then clarified, for the first time, that a showing of actual innocence under the fundamental miscarriage of justice exception would also overcome the failure of a habeas petition to comply with the applicable statute of limitations. Id. at 396–97. Applying that ruling, the Third Circuit in Satterfield held that because the court previously "had never affirmatively held that a showing of actual innocence could serve as an equitable exception to [the] one-year statute of limitations," McQuiggen constituted a change in decisional law upon which a Rule 60(b)(6) motion could be based. Satterfield, 872 F.3d at 159–62.

Judge Stengel correctly determined that Satterfield did not apply to Petitioner's case. The United States Supreme Court has long recognized that a showing of actual innocence constitutes grounds to excuse procedural default. Coleman v. Thompson, 501 U.S. 722, 749 (1991). McQuiggen and Satterfield simply extended the use of the actual innocence exception to instances of time-barred habeas claims. As Petitioner's habeas claims were deemed procedurally defaulted, not time-barred, Judge Stengel correctly held that neither McQuiggen nor Satterfield constituted new law upon which a Rule 60(b) motion could be based.

Finding no error in this analysis, I will deny this portion of Petitioner's Motion.

4

### B. Whether Judge Stengel Correctly Found that Petitioner Had Not Proven Actual Innocence

Notwithstanding his determination that no change in the law warranted Rule 60(b) consideration, Judge Stengel nonetheless considered the merits of Petitioner's actual innocence claim. Citing to testimony from Petitioner's criminal trial, Judge Stengel found that Petitioner had failed to present incontrovertible evidence that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

I find no basis for reconsideration of this holding. To satisfy the actual innocence standard, "a petitioner must [first] present new, reliable evidence" and second, "show by a preponderance of the evidence 'that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" Reeves v. Fayette SCI, 897 F.3d 154, 160 (3d Cir. 2018) (quoting Houck v. Stickman, 625 F.3d 88, 93 (3d Cir. 2010) (further quotations omitted)). Stated differently, a petitioner must establish that it is "more likely than not any reasonable juror would have reasonable doubt." Reese, 897 F.3d at 1601–6 (quoting House v. Bell, 547 U.S. 518, 538 (2006)).

Here, Petitioner produced no new evidence in support of his actual innocence claim; rather he simply asserted that "the only eyewitness to the killing testified on trial testimony during the Commonwealth's direct examination and its case in chief that he watched the shooting occur from the back of the shooter. It is impossible to know who any individual is with conviction in such circumstances." (Pet.'s Mot. to Amend ¶ 3b.) Such an argument, standing alone, fails to meet the actual innocence standard. Indeed, as thoroughly described in Judge Sitarski's R&R, the trial testimony revealed that eyewitness Reggie Lloyd (a) saw the initial verbal confrontation between Petitioner and the victim and (b) watched as, several minutes later, Petitioner jumped onto the sidewalk in front of the victim and began shooting him. (R&R 2.) Lloyd further testified that after

5

the victim fell to the ground, Petitioner continued shooting him in the head, chest, abdomen, back, and hand, after which Petitioner ran to his car and drove away. (Id.) Four days later, police arrested Petitioner and recovered from his pants a .38 caliber revolver loaded with five live rounds. Ballistics testing showed that at least three of the bullets used to kill the victim came from Petitioner's gun. (Id.)

Petitioner has not disputed this evidence or otherwise undermined its credibility. Accordingly, he has failed to prove that no reasonable juror would have convicted him.

## IV. CONCLUSION

In light of the foregoing, there is no basis on which to grant reconsideration of Judge Stengel's well-reasoned decision. Accordingly, I will deny Petitioner's Rule 59(e) Motion.